Wilde J.
delivered the opinion of the Court. The ques tion is, whether the breach in the second or third count is well assigned.
The plaintiff has contended, that Trainer did not prosecute his appeal with effect; and so it is averred in both counts ; but this averment is negatived by the fact admitted in the declaration, namely, that Trainer did enter his appeal, and that he prosecuted it until he became nonsuit. Now this we think was prosecuting the appeal with effect, and with an effect most favorable to the defendant. He was thereupon immediately entitled to judgment for his costs, and it is averred judgment was rendered in his favor accordingly. The appeal therefore was prosecuted with effect, and it was prosecuted to final judgment. Whether judgment was recovered on nonsuit or by verdict of a jury, is altogether, immaterial. In either case there would be no breach of this part of the condition of the recognisance, whether it is construed literally, or according to its spirit and obvious intent.
The remaining question is, whether the breach is- well, assigned as to the other part of the condition. It is objected, that there is no averment that notice was given to the defendant, or to Trainer, of the recovery of judgment for costs, nor is it alleged that there was any special demand of payment; and it is contended that these are substantial defects in the declaration. The general rule as to notice is, that when the matter alleged in the pleading is to be considered as lying more properly in the knowledge of the plaintiff than of the defendant, then the declaration ought to state that the defendant had notice thereof. 1 Chit. Pl. 320. But if the defendant had contracted to do a thing on the performance of some act by a stranger, no notice of performance need be averred, for it lies in the defendant’s knowledge as much as in the plaintiff’s, and both parties are bound to take notice.[1] Cutler v. Southern, 1 Saund. 116. So if one be bound to make such assurance as J. S. may advise, he must take notice of the assurance advised at his peril. Cole's Case, 1 Cro. Eliz. 97. So in *147 debt on a bond for the performance of an award, it is not necessary to aver that the defendant had notice of the award, unless such notice is expressly required by the terms of the condition. 2 Saund. 62 ; Com. Dig. Pleader, C. 75.
On these authorities, and on principle, it seems very clear that no averment of notice to the defendant of the recovery of judgment in the former suit is necessary. The defendant was attorney of record in that suit ; it is admitted in the declaration that he entered the appeal, and he must be presumed to have had knowledge of the nonsuit, and of its legal consequence, the recovery of judgment for costs. Notice, therefore, to him would be a useless ceremony, which the law never requires.
Nor was a special demand necessary. Where an action is brought for a debt,- or a mere duty, licet scepe requisit. is sufficient. Com. Dig. Pleader, C. 70. In this respect the surety stands on the same footing as the principal.
It has however been averred in argument, and not denied, that no judgment was actually rendered, nor were the costs taxed, until after the commencement of the present action If the fact be so, the defendant may have leave, on reasonable terms, to waive his demurrer and plead this matter in defence.

 See Punderson v. Shepherd, 8 Pick. 379 ; Farwell v. Smith, 12 Pick. 87.